UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSUE VALDEZ,**<br>          **Plaintiff,**<br>     -against-<br><br>**LF FOOD MARKET CORP.,**<br><br>          **Defendant.** | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

JOSUE VALDEZ (hereinafter "Plaintiff"), by and through his attorneys, NESENOFF & MILTENBERG, LLP., as and for his Complaint against LF FOOD MARKET CORP. (hereinafter "Defendant") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendant's violations of Plaintiff's rights as guaranteed by the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"). Plaintiff maintains he is entitled to recover from Defendant: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, (d) attorneys' fees and costs, and (e) such other and further relief that the Court deems just and proper.

2. Further, this is a civil action for damages and equitable relief based upon Defendant's violations of Plaintiff's rights as guaranteed by the New York Labor Law ("NYLL") and its implementing regulation ("NYCCRR"). Plaintiff maintains he is entitled to recover from Defendant: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, (c) penalties for failing to provide a wage notice at

Plaintiff's time of hire; (d) penalties for Defendant's failure to provide Plaintiff with accurate wage statements; (e) liquidated and statutory damages, (f) prejudgment and post-judgment interest, (g) attorneys' fees and costs, and (h) such other and further relief that the Court deems just and proper.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq*. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is located in Bronx County, New York which is in the Southern District of New York and the events giving rise to Plaintiff's claims occurred in Bronx County, New York which is in the Southern District of New York.

## PARTIES

### Plaintiff

5. At all relevant times herein, Plaintiff worked for Defendant in the State of New York, County of Bronx.

6. At all relevant times herein, Plaintiff was an "employee" of Defendant as defined by the FLSA, the NYLL, and the NYCCRR.

### Defendant

7. Upon information and belief, Defendant is, and was at all relevant times, an entity duly organized and existing under the laws of the State of New York with a principal place of business located at 190 W. Tremont Avenue, Bronx, New York 10453.

8. Upon information and belief, Defendant's qualifying annual business exceeded and/or exceeds $500,000, and the business is engaged in interstate commerce within the meaning

of the FLSA. For example, numerous items that were sold and/or used in the Defendant's business on a daily basis were and/or are produced outside of the State of New York.

9. Defendant is and, upon information and belief, continues to be, an "employer" within the meaning of the FLSA, the NYLL, and the NYCCRR.

10. Upon information and belief, at all relevant times herein, Defendant employed at least two (2) employees.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant on or about October 11, 2015. Plaintiff's job duties required neither discretion nor independent judgment.

13. When Plaintiff first commenced employment with Defendant, Defendant operated solely as a pizzeria. Thereafter, in or around November 2016, Defendant opened a new establishment as LF Food Market, and operated as a bodega with a mini pizzeria inside.

14. During his first year of employment, Defendant required Plaintiff to work, and Plaintiff did work, seven (7) days per week, from at least 10:00 a.m. until at least 10:00 p.m. Plaintiff was not permitted regularly scheduled breaks or a scheduled lunch break.

15. By way of example only, during the week of October 12, 2015 through and including October 18, 2015, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule:

> Monday, October 12, 2015: 10:00 am-10:00 pm;
>
> Tuesday, October 12, 2015: 10:00 am-10:00 pm;
>
> Wednesday, October 12, 2015: 10:00 am-10:30 pm;
>
> Thursday, October 12, 2015: 10:00 am-10:00 pm;
>
> Friday, October 12, 2015: 10:30 am-11:00 pm;

>Saturday, October 12, 2015: 10:00 am-10:00 pm; and

>Sunday, October 12, 2015: 10:00 am-10:00 pm

16. By approximation, during the first year of Plaintiff's employment, Defendant required Plaintiff to work and Plaintiff did work, a minimum of eighty-five (85) hours per week.

17. During the first year of Plaintiff's employment, for each week that Plaintiff worked Defendant paid Plaintiff a flat salary of $500.00 per week, which was meant to cover only the first forty hours Plaintiff worked each week. This flat salary computes to an hourly rate of $12.50 per hour.

18. Plaintiff's wages never fluctuated based upon the number of hours he worked in any given workweek during his first year of employment.

19. With respect to his hours worked per week over forty, Defendant intentionally failed to pay Plaintiff at the required premium rate, i.e. at time and one-half his straight-time rate, or $18.75 for each hour worked over forty.

20. For instance, and by way of example only, during the week of October 12, 2015, Plaintiff worked the hours as described above. Thus, during the week of October 12, 2015, Plaintiff worked forty (40) hours of straight time and forty-five (45) hours of overtime. As compensation, Defendant paid Plaintiff $500.00 in cash for this time, when Defendant should have paid Plaintiff $1,343.75 for those hours.

21. After Defendant changed to a bodega in or around November 2016, through Plaintiff's last day of employment in or around June 2017, Defendant changed Plaintiff's schedule and allowed Plaintiff one (1) day off per week. Defendant also increased Plaintiff's wages to $600.00 per week.

22. By way of example only, during the week of April 10, 2017 through and including April 16, 2017, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule:

Monday, April 10, 2017: 10:00 am-10:00 pm

Tuesday, April 11, 2017: 10:00 am-10:00 pm

Wednesday, April 12, 2017: 10:00 am-10:00 pm

Thursday, April 13, 2017: 10:00 am-10:00 pm

Friday, April 14, 2017: 10:00 am-10:00 pm

Saturday, April 15, 2017: 10:00 am-10:00 pm

Sunday, July 16, 2017: OFF

23. Despite this new day off, Plaintiff was assigned more strenuous tasks and was required to work 'double-duty' on the days he was at Defendant's store.

24. By approximation, from November 2016 until Plaintiff's last day of employment in June 2017, Defendant required Plaintiff to work and Plaintiff did work, a minimum of seventy-two (72) hours per week.

25. From November 2016 until Plaintiff's last day of employment in June 2017, for each week that Plaintiff worked, Defendants paid Plaintiff a flat salary of $600.00 per week, which was meant to cover only the first forty hours Plaintiff worked each week. This flat salary computes to an hourly rate of $15.00 per hour.

26. Plaintiff's wages never fluctuated based upon the number of hours he worked in any given workweek from November 2016 until Plaintiff's last day of employment in June 2017.

27.     With respect to his hours worked per week over forty, Defendant intentionally failed to pay Plaintiff at the required premium rate, i.e. at time and one-half his straight-time rate, or $22.50 for each hour worked over forty.

28.     For instance, and by way of example only, during the week of April 10, 2017, Plaintiff worked the hours as described above. Thus, during the week of April 10, 2017, Plaintiff worked forty (40) hours of straight time and thirty-two (32) hours of overtime. As compensation, Defendant paid Plaintiff $600.00 in cash for this time, when Defendant should have paid Plaintiff $1,320.00 for those hours.

29.     Throughout Plaintiff's employment, Defendant did not employ any method(s) for recording employees' hours and, upon information and belief, retained no records with respect to hours and/or compensation of their employees. Plaintiff was not required to keep track of his hours each day and/or week.

30.     Plaintiff was always paid in cash and on a weekly basis.

31.     Plaintiff's wages never fluctuated based upon the number of hours he worked in any given workweek throughout his entire tenure.

32.     On each occasion when Defendant paid Plaintiff, Defendant intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, his straight and overtime rates of pay for all hours worked, or his total pay for the week.

33.     Additionally, Defendant did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, in either English or Spanish (Plaintiff's native language), containing any of the following information: his rate of pay and basis thereof; whether he was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were

claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing address(es) and telephone number(s).

34. Further, Defendant regularly required Plaintiff to work, and Plaintiff did in fact work, ten (10) or more hours in a single workday. Defendant failed to pay Plaintiff his' spread of hours' premium pay for any day Plaintiff worked more than ten (10) hours in a single workday.

35. Defendant treated Plaintiff in the manner described above so as to maximize its profits while minimizing its labor costs.

36. On or about May 21, 2017, Plaintiff was injured while working for Defendant. As a result of the injury, Plaintiff was unable to continue working for Defendant and is currently involved in a worker's compensation proceeding with Defendant.

37. Plaintiff ceased working for Defendant after his injury.

## **CLAIMS FOR RELIEF**
## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*(Unpaid Overtime under the FLSA)*

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

39. The FLSA requires employers to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

40. As described above, Defendant was and is an employer within the meaning of the FLSA.

41. As described above, Plaintiff is and was an employee within the meaning of the FLSA.

42. Plaintiff worked in excess of forty (40) hours per week, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

43. Defendant willfully violated the FLSA.

44. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times his respective regular rate of pay.

45. Plaintiff are also entitled to liquidated damages and attorneys' fees for Defendant's violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*(Unpaid Overtime under the NYLL and the NYCCRR)*

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

47. The NYLL and the NYCCRR require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

48. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff was an employee within the meaning of the NYLL and the NYCCRR.

49. As also described above, Plaintiff worked in excess of forty (40) hours in a workweek, yet Defendant failed to compensate him in accordance with the NYLL's and the NYCCRR's overtime provisions.

50. Plaintiff is entitled to their overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times his respective regular rate of pay.

51. Plaintiff are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*(Failure to Furnish Proper Wage Statements in Violation of the NYLL)*

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

54. As described above, the Defendant, on each payday, failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

55. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendant is liable to Plaintiff in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

56. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*(Failure to Furnish Proper Wage Notices in Violation of the NYLL)*

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

59. Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff was an employee within the meaning of the NYLL and the NYCCRR.

60. As described above, the Defendant failed to furnish Plaintiff with accurate wage notices at hire, or at any time thereafter, containing all of the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*(Failure to Pay Spread of Hours Premium in Violation of the NYLL)*

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. Defendant employed Plaintiff within the meaning of the NYLL §§ 2 and 651.

65. Pursuant to New York State Department of Labor Regulation § 142-2.4, employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

66. Defendant knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day in which his shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulation § 142-2.4.

67. Due to the Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant his unpaid "spread of hours" premiums, reasonable attorney's fees, interest, and costs and disbursements of this action pursuant to N.Y. Lab. Law §§ 663(1) *et. seq.* and § 198.

## **DEMAND FOR A JURY TRIAL**

68.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendant and it officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendant from any retaliation against Plaintiff in any form for his participation in this litigation;

d.     All damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

e.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

f.     Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

g.     Pre-judgment and post-judgment interest, as provided by law; and

    h.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

**Dated:  New York, New York**
 **October 31, 2017**

                            **NESENOFF & MILTENBERG, LLP.**
                            *Attorneys for Plaintiff*

                      **By:**    /s/ Andrew Miltenberg

                            **Andrew T. Miltenberg, Esq.**
                            **Gabrielle M. Vinci. Esq.**
                            **363 Seventh Avenue, Fifth Floor**
                            **New York, New York 10001**
                            **212.736.4500**