```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOSUE VALDEZ,                       :

                    Plaintiff,      :   17 Civ. 8387 (HBP)

     -against-                      :   OPINION
                                        AND ORDER
LF FOOD MARKET CORP.,               :

                    Defendant.      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL") seeking to recover unpaid overtime compensation, unpaid spread of hours compensation, statutory damages for failure to provide the wage statements and wage notices required by the Labor Law, liquidated damages, interest and attorney's fees. The parties have now reached a settlement and the matter is before me on the parties' joint application for approval of the settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff alleges that he was employed by defendant's bodega/pizzeria from approximately October 11, 2015 through approximately June 2017. Plaintiff claims that from the beginning of his employment through November 2016, he was required to work seven days a week from 10:00 a.m. to 10:00 p.m. and was paid

a salary of $500.00 per week. He further alleges that from November 2016 through the end of his employment he worked six days a week from 10:00 a.m. through 10:00 p.m. and was paid a flat salary of $600.00 per week. All of plaintiff's wages were paid in cash. Plaintiff estimates his total damages at $82,000.00, exclusive of attorney's fees and liquidated damages; plaintiff estimates his total unpaid overtime premium pay at $35,000.00. Plaintiff and defendant each have handwritten time records that purport to reflect the hours plaintiff worked for part of the time he worked for defendant.

Defendant disputes plaintiffs claims and contends that plaintiff was actually a partner in the business and a managerial employee and, therefore, exempt from the overtime requirements. Defendant also disputes the hours claimed by plaintiff.

After participating on both a mediation and a settlement conference before the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, the parties have agreed to settle this matter for the total sum of $70,000.00. Thirty percent of this figure ($21,000.00) will be paid to plaintiff's counsel to cover counsel's out-of-pocket costs and fees; plaintiff will receive the remaining $49,000.00.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes." <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed

2

settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $49,000.00 after deducting counsel's one-third contingency fee -- represents

approximately 60% of his total alleged damages, exclusive of liquidated damages and 140% his claimed unpaid overtime premium pay. These percentages are clearly reasonable, given the uncertainties inherent in any litigation and given the fact that in calculating his damages, plaintiff assumes that he never took a day off and never took a sick day. See Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions to explore the hours plaintiff actually worked and his actual duties. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Given the parties' factual dispute

4

concerning the plaintiff's hours and duties, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, give the substantial size of the settlement and the fact the settlement was reached after both a mediation session and settlement conference because Magistrate Judge Fox, I find that the settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud.

Plaintiff's release of defendants will be limited to wage-and-hour claims. I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, as noted above, the settlement provides that one-third of the settlement figure -- $21,000.00 -- will be paid to plaintiff's counsel as compensation for costs and fees. Plaintiff's counsel advises that her out of pocket costs are $471.15 and that her fee would be $17,825.00 if calculated by the lodestar method. Given the close proximity between the 30% contingency fee and the counsel's lodestar figure and given the additional fact that contingency fees of one-third in FLSA cases are routinely approved in this Circuit, see Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"), I find that allocating 30% of the

settlement figure for attorney's fees and costs is fair and reasonable.

Finally, I note that the settlement agreement does not provide for confidentiality and that the release provisions are limited to wage and hour claims. It does not, therefore, contain any provisions that have been found objectionable in FLSA settlement. See generally Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177-81 (S.D.N.Y. 2015) (Kaplan, D.J.) (outlining provisions that are unacceptable in FLSA settlement agreements).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
        September 3, 2019

                                        SO ORDERED

                                        /s/ Henry Pitman
                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel